UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL LARGE,       )<br>    *Plaintiff*,       )<br>              )<br>    vs.              )<br>              )<br>JOSEPH T. PEARCE,       )<br>BRENT STOELTING, AND       )<br>CITY OF TERRE HAUTE,       )<br>    *Defendants.*       ) | Case No. 2:09-cv-00309-JMS-WGH |

**ENTRY DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.     Nature of Claims Brought**

Michael Large ("Large") brings this action against Terre Haute Police Officers Joseph Pearce ("Pearce") and Brent Stoelting ("Stoelting") and their employer the City of Terre Haute Indiana ("Terre Haute"). Large asserts he was injured in an altercation with Pearce and Stoelting that occurred in his own backyard. Pearce claims he was arresting Large and using force to effectuate the arrest. Large asserts he was attacked unlawfully, and that even if he were subject to arrest, the force used was excessive. Large further asserts that Stoelting joined in the excessive force when he arrived on the scene.

While somewhat unclear from the allegations contained in Large's First Amended Complaint, [dkt. 26], it appears that Large brought claims under both 42 U.S.C.§ 1983 and state law against Defendants Pearce and Stoelting. Large also asserted state law claims for false arrest, false imprisonment, trespass, assault and battery, and excessive force against Terre Haute based on the conduct of Pearce and Stoelting. Presently pending before the Court is Defendants'

1

motion for partial summary judgment as to the claims for false imprisonment, false arrest and trespass.[1] [Dkt. 40.]

In response to the Defendants' motion,[2] Large has clarified that he "has not pursued a civil rights claim for false arrest and false imprisonment against Officers Pearce and Stoelting," is withdrawing "his claims for false arrest and false imprisonment against the City of Terre Haute," and is likewise withdrawing "his claim of trespass against Officer Stoelting and the City, only to the extent that such claim rests on Officer Stoelting's actions." [Dkt. 53 at 1-2.] With respect to the claims Plaintiff is withdrawing, the Court hereby orders them **DISMISSED WITH PREJUDICE**, and final judgment on those dismissed claims will issue at the conclusion of this action.

Plaintiff has articulated his remaining claims "to ensure clarity" as follows:

(a) In arresting or otherwise seizing Michael Large, Officers Pearce and Stoelting used excessive, unreasonable, and unnecessary force in violation of the fourth amendment.

(b) Officer Pearce's action in jumping the fence and entering Mr. Large's residence constitute trespass under Indiana law and violated the fourth amendment.

(c) The City of Terre Haute is liable because the actions of Officer Pearce constituted trespass, assault and battery, and use of excessive, unreasonable, and unnecessary force and the actions of Officer Stoelting constituted assault and battery, and use of excessive, unreasonable, and unnecessary force—all under Indiana law.

---

[1] The Court specifically notes that Defendants have not moved for summary judgment on the federal or state law claims based on excessive force. Nor have they moved for summary judgment on the issue of qualified immunity.

[2] Defendants take issue with what they consider argumentative statements in Large's response brief. The Court has only relied on actual testimony provided in ruling on the pending motion, so those objections are moot.

[Dkt. 53 at 1.]  Given the withdrawal of the false arrest and false imprisonment claims, the Court finds that the sole remaining issue is whether there is a genuine issue of material fact that Pearce's action in jumping the fence and entering Mr. Large's yard constitutes trespass under Indiana law or a violation of the Fourth Amendment.

## II. Standard of Review

Less than two weeks ago, the Seventh Circuit Court of Appeals reiterated the long-standing standard of review that governs this Court's treatment of a motion for summary judgment:  "Summary judgment, of course, should be granted when the admissible evidence, construed in favor of the non-movant, reveals no genuine issue as to any material facts and establishes that the movant is entitled to judgment as a matter of law.  If there is sufficient evidence for a jury to return a verdict for the non-moving party, a genuine issue of material fact exists." *Berry v. Chi. Transit Auth.*, 2010 U.S. App. LEXIS 17605, 6-7 (7th Cir. 2010) (citations omitted).  The court in *Berry* further emphasized, "It is not for courts at summary judgment to weigh evidence or determine the credibility of such testimony; we leave those tasks to factfinders."  *Id.*  The prohibition against weighing evidence or determining credibility flows from another time honored principle of summary judgment jurisprudence: When considering a summary judgment motion, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve any doubt as to the existence of a genuine issue for trial against the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986).

## III. Discussion

Defendants present nearly six pages of what they present as "undisputed facts" in support of their motion for partial summary judgment, relying primarily on Pearce's version of the events

on the night in question. Given the standard of review articulated above, this is a curious strategy. In presenting their motion, Defendants were required to present only the facts that respected decades-old United State Supreme Court precedent affording the non-movant all reasonable inferences. Put another way, their motion should have credited Large's version of events. Having taken the depositions of Large, his friend and eyewitness Holly Eaton, as well as Large's grandmother, Defendants knew that their testimony concerning the altercation contradicted Pearce's in nearly every material way.

Pearce claims Large smelled of alcohol and was talking and cussing in a loud voice. Pearce also accused Large of threatening him. He claims he was effectuating an arrest for disorderly conduct or perhaps public intoxication when he entered Large's yard and used force to subdue him.[3]

Large and Eaton, on the other hand, acknowledge that Large challenged Pearce for what Large considered harassing behavior, but deny that Large made threats, cussed, or engaged in loud conduct. Instead, they assert that Pearce goaded Large to "come get some of this," and that Large turned away in disgust. They testified that when Large called Pearce a name, Pearce leaped over the fence, entered the yard and attacked Large.

That could be the end of it, save one point of agreement. The only fact that is actually undisputed is that as he was turning toward his back door, Large did call Pearce a "pussy." On the sole basis of this lone undisputed fact, the Court will address the remaining issue raised under Defendants' Motion for Partial Summary Judgment.

---

[3] Large was charged with Resisting Law Enforcement (by fleeing), Resisting Law Enforcement (by force), Battery (upon Pearce), and Disorderly Conduct. [Dkt. 42-6.] He was acquitted of the two resisting charges and the disorderly conduct charge but was convicted of battery. [Dkt. 42-7.]

**A. Did Pearce have probable cause to arrest Large for disorderly conduct?**

Pearce asserts that he had probable cause to arrest Large "before Pearce ever entered upon Large's grandmother's property." [Dkt. 41 at 10.] He claims that he had probable cause to arrest Pearce for disorderly conduct because Large was loud and cussing, that he told Large he was under arrest but Large failed to heed his commands to stop, and that exigent circumstances therefore existed such that he could enter upon the property. He then acknowledges that Large disputes all of those facts, and retreats to the name calling to support the claim of probable cause.

Large correctly notes that Pearce's first line of argument fails because it is based on disputed facts. Pearce is not entitled to a credibility finding in his favor when moving for summary judgment. Contrary to Pearce's suggestion, his subjective version of events is not conclusive, as the existence of probable cause is not a subjective determination "based on the officer's knowledge of the facts. " [Dkt. 55 at 9.] Instead a party can defeat summary judgment by showing a that there is an issue of fact as to the existence of probable cause. *Simmons v. Pryor,* 26 F.3d 650, 653 (7th Cir. 1993).

Large then counters Pearce's contention that the name calling was sufficient to support probable cause with several arguments. First, he acknowledges that Indiana's disorderly conduct statute forbids making or continuing to make "unreasonable noise after being asked to stop." Ind. Code 35-45-1-3(a)(2). Large contends that under Indiana law, the prohibition against unreasonable noise is limited to "fighting words," and the term "pussy" is not a fighting word. At the very least he says, a genuine issue of fact exists as to whether it is a fighting word.

> Fighting words are 'those personally abusive epithets which, when addressed to the ordinary citizen, are, as a matter of common knowledge, inherently likely to provoke violent action.' *Cohen v. California*, (1971) 403 U.S. 15, 21, 91 S.Ct. 1780, 29 L. Ed. 2d 284. By their very utterance they 'inflict injury or tend to

> incite an immediate breach of the peace.' *Stults v. State*, (1975) 166 Ind.App. 461, 468, 336 N.E.2d 669, 673 *quoting Chaplinsky v. New Hampshire*, (1942) 315 U.S. 568, 86 L. Ed. 1031, 62 S. Ct. 766.

*Cavazos v. State*, 455 N.E.2d 618 (Ind. Ct. App. 1983).

The Indiana Court of Appeals has addressed whether certain terms fall in the category of "fighting words" when spoken to police officers. In *Cavazos,* the Court of Appeals held that "ass****" was not a fighting word as a matter of law. *Id.* at 619. On the other hand "mother f*****" has been deemed sufficiently provocative. *Mesarosh v. State*, 459 N.E.2d 426 (Ind. Ct. App. 1984).

The Court acknowledges that calling an ordinary citizen—particularly a male—the word "pussy" might raise some ire. But the actor here is not an ordinary citizen; he is a police officer, and as Justice Powell once noted: "A properly trained officer may reasonably be expected to 'exercise a higher degree of restraint' than the average citizen, and thus be less likely to respond belligerently to 'fighting words.' *Lewis v. New Orleans*, 415 U.S. 130, 135 (1974) (Powell, J., concurring).

In any event, while the discussion of whether the epithet in this case is a fighting word or whether police officers should be expected to exercise greater self-control than an ordinary citizen may be interesting, it is actually unnecessary to the resolution of the pending motion. Large also asserts that there is an evidentiary dispute as to whether Pearce ever asked Large to stop making noise, so there can be no probable cause for disorderly conduct. In a he said-he/she said, Pearce says he did warn Large, but because Large and Eaton dispute that Large was ever loud, and they report no such warning. There is a genuine issue of fact as to whether Pearce complied with the warning requirement contained in Indiana's disorderly conduct statute. Viewing the evidence in the light most favorable to Large, Defendants are not entitled to summary judgment on the basis that Pearce had probable cause to arrest Large for disorderly

6

conduct. *See Bailey v. Andrews*, 811 F.2d 366, 369 (7th Cir. 1987) (affirming a trial court finding of no qualified immunity and no probable cause to arrest for disorderly conduct as a matter of law, where the evidence was controverted as to whether the arrestee had been asked to stop making noise.)

### B. Was Pearce engaged in a legitimate police investigation at the time he jumped Large's fence?

In reply, Defendants rely on *Anderson v. State*, a more recent Indiana Court of Appeals opinion, to assert that Large's name-calling interfered with a legitimate police investigation. *Anderson v. State*, 881 N.E.2d 86, 91 (Ind. Ct. App. 2008). In *Anderson*, the court noted: "Police officers conducting a legitimate investigation must be able to perform their duties without unreasonable interruption." *Id. at* 91. Defendants contend that Large's name calling was such an unreasonable interruption, and thus constituted disorderly conduct.

Defendants misapprehend the *Anderson* holding. The foregoing quote was contained in a discussion as to the nature of the speech at issue and whether it was entitled to a higher level of protection. It did not, and indeed could not, obviate the warning requirement of Indiana's disorderly conduct statute. In fact the opinion specifically notes, "In order to convict Anderson of disorderly conduct as charged here, the State must have proven that Anderson recklessly, knowingly, or intentionally made unreasonable noise and continued to do so **after being asked to stop**." *Id.* (emphasis added). For the reasons stated above, the disputed evidence as to whether Pearce asked Large to stop making noise precludes summary judgment.[5]

---

[5] Defendants make other legal arguments that are all based on a finding of probable cause as a matter of law. As a reasonable jury could conclude that Pearce did not have probable cause, those arguments will not be addressed.

7

### C.  Does the immunity provision of Indiana's criminal trespass statute preclude a state law trespass claim against Terre Haute for Pearce's actions?

Defendants contend that Indiana's criminal trespass statute provides immunity from prosecution for law enforcement officers "engaged in the performance of official duties." Ind. Code § 35-43-2-2(f).  Large doesn't disagree, but notes that he is not bringing a claim based on a violation of the criminal statute.  Instead he is bringing a claim of trespass under civil tort law and argues that the criminal statute's immunity provision is therefore inapplicable.

The Amended Complaint does not allege a violation of a criminal law or seek relief under the Indiana Crime Victims statute.  It can easily be read to sound in tort, and Large's recent claim clarification asserts as much.  The elements of proof of a state law trespass claim are that the plaintiff must possess the land when the trespass occurred and that the trespassing defendant entered the land without a legal right to do so.  *KB Home Ind., Inc. v. Rockville TBD Corp.*, 928 N.E.2d 297, 308 (Ind. Ct. App. 2010).  Large has now limited his state law trespass claim against Terre Haute based on Pearce's conduct.  He has shown that he possessed the land in question, and as the Court's preceding analysis establishes, a reasonable jury could conclude that Pearce had no legal right to enter Large's property.  The criminal immunity provision is inapplicable, and questions of fact about the legality of Pearce's entry on the property preclude summary judgment.

### IV.  Conclusion

Each of Defendants' arguments in support of their Motion for Partial Summary Judgment rests upon testimony of Defendant Pearce that has been opposed by admissible evidence, thereby creating a genuine issue of material fact.  In making such arguments, Defendants have ignored the longstanding standard of review requiring the Court to consider the evidence in the light most favorable to the non-moving party.  With respect to Large's contested federal and state claims,

Defendants' Motion for Partial Summary Judgment, [dkt. 40], is therefore **DENIED**. With respect to the claims Plaintiff is withdrawing, the Court hereby orders them **DISMISSED WITH PREJUDICE**.

09/07/2010

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF only:**

Mark Douglas Hassler
HUNT HASSLER & LORENZ, LLP
hassler@huntlawfirm.net

Robert W. Johnson
THE HASTINGS LAW FIRM
rjohnson@lawindianapolis.com

Hamid R. Kashani
hkashani@aol.com

Caitlin M King
HUNT, HASSLER & LORENZ
king@huntlawfirm.net

Case 2:09-cv-00309-JMS-WGH   Document 66   Filed 09/07/10   Page 9 of 9 PageID #: 762